OPINION
Defendant-appellant, Kmart Corporation, appeals from a judgment of the Franklin County Court of Common Pleas awarding damages to plaintiffs-appellees, Melody Pearce et al., for personal injuries caused by a defective table fan sold by Kmart.
On January 24, 1997, plaintiffs filed a complaint which included a products liability claim against Kmart. Plaintiffs' claim against Kmart was tried to a jury beginning on April 5, 1999. At the close of Kmart's case, the trial court directed a verdict for plaintiffs and against Kmart on the issue of liability. The trial then continued on the issue of damages. On April 12, 1999, the jury returned a verdict for plaintiffs in the amount of $4,100,306.18. Thereafter, by a judgment entry filed on April 16, 1999, the trial court reduced the jury's award by $1,000,000 for amounts that plaintiffs had received through settlements with other defendants, and awarded judgment for plaintiffs in the amount of $3,100,306.18.
On April 21, 1999, plaintiffs filed several motions in the trial court, including a motion for prejudgment interest. On April 30, 1999, Kmart filed a motion in the trial court for judgment notwithstanding the verdict or in the alternative a new trial. The trial court filed an entry denying Kmart's motion for judgment notwithstanding the verdict or a new trial on July 9, 1999. On August 30, 1999, Kmart filed a notice of appeal. However, as of that date, the trial court had not ruled on plaintiffs' motion for prejudgment interest.
This court has jurisdiction to consider appeals only from final appealable orders. Section 6, Article IV, Ohio Constitution; R.C. 2505.02. A judgment entry that does not dispose of all of the claims raised in the case is not a final appealable order unless it contains language that there is "no just reason for delay." Civ.R. 54(B). Accordingly, a judgment entry that does not rule on a pending motion for prejudgment interest, and that does not contain Civ.R. 54(B) language is not a final appealable order. Driscoll v. Norprop, Inc. (Apr. 3, 1997), Cuyahoga App. No. 70891, unreported; see Shore v. Helfrich (June 12, 1992), Lucas App. No. L-91-173, unreported; see, e.g., Doylev. Fairfield Machine Co., Inc. (1997), 120 Ohio App.3d 192, 204.
Here, the trial court's judgment entries of April 16, and July 9, 1999, from which Kmart appeals, do not rule upon plaintiffs' motion, or indicate that there is "no just reason for delay." Therefore, under Civ.R. 54(B), there is no final appealable order in this case. Accordingly, this appeal is suasponte dismissed.
Appeal dismissed.
 _______________________ PETREE, J.
LAZARUS and GLASSER, JJ., concur.
GLASSER, J., retired of the Sixth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.